**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Chapter 11 |
| EAGLE, INC.,[1] | Case No. 15-_____ (___) |
| Debtor. | Section ____ |

**DEBTOR'S APPLICATION FOR ORDER AUTHORIZING THE RETENTION AND**
**EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS**
**BANKRUPTCY COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**

Eagle, Inc., the debtor and debtor in possession in the above-captioned chapter 11 case

(the "**Debtor**"), hereby submits this application (this "**Application**") for entry of an order

pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

"**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy

Court of the Eastern District of Louisiana (the "**Local Rules**"), authorizing the retention and

employment of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**" or the "**Firm**") as

bankruptcy counsel for the Debtor *nunc pro tunc* to the Petition Date (as defined below).  In

support of this Application, the Debtor relies upon the affidavit of Edwin J. Harron (the "**Harron**

**Affidavit**"), which is attached hereto as Exhibit A.  In further support of this Application, the

Debtor respectfully represents as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 5440.  The Debtor's address is 1100
Poydras Street, 30th Floor, New Orleans, LA 70163.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334(b) and the *Reference of Bankruptcy Cases and Proceedings* from the United States

Bankruptcy Court for the Eastern District of Louisiana, dated April 11, 1990.  This is a core

proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are

327(a) of the Bankruptcy Code, Bankruptcy Rule 9014, and Local Rule 2014-1.

**BACKGROUND**

2.      On the date hereof (the "**Petition Date**"), the Debtor commenced a voluntary case

under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").  Pursuant to sections

1107(a) and 1108 of the Bankruptcy Code, the Debtor is continuing to manage its financial

affairs as a debtor in possession.

3.      No trustee, examiner, or official committee of unsecured creditors has been

appointed in this Chapter 11 Case.

4.      Information regarding the Debtor's history and the events leading up to the

commencement of this Chapter 11 Case can be found in the *Declaration of Raymond Tellini,*

*President of Eagle, Inc., in Support of Chapter 11 Petition and Initial Pleadings,* which is

incorporated herein by reference.

## RELIEF REQUESTED

5.     By this Application, the Debtor requests the Court enter an order authorizing the Debtor to retain Young Conaway as its bankruptcy counsel in this Chapter 11 Case, *nunc pro tunc* to the Petition Date.

## BASIS FOR RELIEF REQUESTED

### A.     Young Conaway's Qualifications

6.     The Debtor seeks to retain Young Conaway as its bankruptcy counsel because of the Firm's extensive knowledge, expertise, and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code and, in particular, Young Conaway's substantial experience in bankruptcy cases affecting the rights of mass-tort asbestos claimants

> (a)     Young Conaway represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation: *In re The Celotex Corporation*, Ch. 11 Case Nos. 90-100016-8B1 and 90-100017-8B1 (Bankr. M.D. Fla. 1990); *In re Armstrong World Industries, Inc.*, Ch. 11 Case No. 00-4471 (Bankr. D. Del. 2000); *In re The Babcock & Wilcox Co.*, Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); *In re Owens Corning*, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); *In re Federal-Mogul Global Inc.*, Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); *In re USG Corporation*, Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); *In re ACandS Inc.*, Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); *In re Global Industries Technologies, Inc.*, Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); *In re Kaiser Aluminum Corporation*, Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); *In re North American Refractories Company*, Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); *In re Porter-Hayden Company*, Ch. 11 Case No. 02-54152-SD (Bankr. D. Md.); *In re Mid-Valley, Inc.*, Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); *In re The Flintkote Company*, Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); *In re Durabla Mfg. Company*, Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); *In re Leslie Controls, Inc.*, Ch. 11 Case No. 10-12199 (CSS) (Bankr. D Del. 2010); *In re United Gilsonite Laboratories*, Ch. 11 Case No. 5:11-bk-02032 (RNO) (Bankr. M.D. Pa. 2011); *In re Metex Mfg. Corporation*, Ch. 11 Case No. 12-14554 (BRL)

(Bankr. S.D.N.Y. 2012); and *In re Yarway Corporation*, Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013). In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in *In re Met-Coil Systems Corporation*, Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b) Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy cases of *In re Pittsburgh Corning Corporation*, Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000) and *In re Rapid American Corporation*, Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y. 2013).

(c) Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts established from the *ACandS, Babcock & Wilcox, Celotex, Durabla Manufacturing Company, Federal-Mogul, Global Industrial Technologies, Inc. et al., Kaiser, Leslie Controls, Inc., Metex Mfg. Corporation, (f/k/a Kentile Floors, Inc.), North American Refractories Company, et al., Porter-Hayden, Quigley Company, Inc., and United Gilsonite Laboratories* bankruptcy cases. In addition, Young Conaway represents the legal representative for future claimants in connection with asbestos and silica settlement trusts established from the *Mid-Valley* (DII Industries, LLC) bankruptcy case. Young Conaway also represents the legal representative for future claimants in connection with the Met-Coil TCE Trust.

(d) Additionally, Young Conaway represented the debtor in the asbestos-related chapter 11 case of *In re Fuller-Austin Insulation Company*, Ch. 11 Case No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

7. The Debtor submits that Young Conaway's knowledge, expertise, and experience will enable it to work in an efficient and cost-effective manner on behalf of the Debtor's estate. Additionally, in preparing for this Chapter 11 Case, Young Conaway has become familiar with the Debtor's business and affairs and many of the potential legal issues that may arise in the context of this Chapter 11 Case. Accordingly, the Debtor believes that Young Conaway is uniquely qualified to represent it as bankruptcy counsel in this Chapter 11 Case.

**B.**     **Payment of Fees and Expenses**

8.     Young Conaway will seek Court approval of its compensation and reimbursement of its actual, necessary expenses and other charges incurred by the Firm upon the filing of appropriate applications for compensation and reimbursement pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. The principal attorneys and paralegal presently designated to represent the Debtor, and their current standard hourly rates, are:

| | |
|---|---|
| James J. Patton, Jr. (Partner) | $1,050 per hour |
| Robert S. Brady, Jr. (Partner) | $795 per hours |
| Edwin J. Harron (Partner) | $725 per hour |
| Laurel D. Roglen (Associate) | $335 per hour |
| Elizabeth S. Justison (Associate) | $310 per hour |
| Casey Cathcart (Paralegal) | $215 per hour |
| Lisa Eden (Paralegal) | $190 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals from Young Conaway may from time to time also serve the Debtor in connection with the matters described herein.

9.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for

use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. The Firm will charge for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

10.     Young Conaway was retained by the Debtor pursuant to an engagement agreement dated September 9, 2015 (the "**Engagement Agreement**"). In accordance with the Engagement Agreement, Young Conaway received a retainer of $50,000 (the "**Retainer**") paid in two installments of $24,000 on September 9, 2015 and $26,000 on September 18, 2015. The Retainer has been applied to outstanding balances existing as of the Petition Date.

11.     As set forth in the Harron Affidavit, Young Conaway has not shared or agreed to share any of its compensation from the Debtor with any other person, other than as permitted by section 504 of the Bankruptcy Code.

**C.     Services to be Provided**

12.     The professional services that Young Conaway will render to the Debtor include, but shall not be limited to, the following:

- providing legal advice with respect to the Debtor's powers and duties as a debtor in possession in the continued operation of its business and management of its properties;

- pursuing confirmation of a plan and approval of a disclosure statement;

- preparing, on behalf of the Debtor, necessary applications, motions, answers, orders, reports, and other legal papers;

- appearing in Court and protecting the interests of the Debtor before the Court; and

01:17675128.4

6

- performing all other legal services for the Debtor that may be necessary and proper in these proceedings.

13.     By separate application, the Debtor is asking the Court to approve the retention of Barrasso Usdin Kupperman Freeman & Sarver, L.L.C., as local counsel, Morgan, Lewis & Bockius LLP, as special counsel, and Epiq Bankruptcy Solutions, LLC, as claims and noticing agent. The Debtor may also file motions or applications to employ additional professionals on an as needed basis. Each of these firms works, and will continue to work, under the direction of the Debtor's management. Young Conaway will work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

**D.    Bankruptcy Rule 2014 Disclosure**

14.     To the best of the Debtor's knowledge, and except as disclosed herein and in the Harron Affidavit, Young Conaway has not represented the Debtor, its creditors, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtor or its estates. Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, counsel, and associates:

- are not creditors, equity security holders, or insiders of the Debtor;

- are not and were not, within two (2) years before the Petition Date, directors, officers, or employees of the Debtor; and

- do not have an interest materially adverse to the interests of the Debtor's estates or of any class of the Debtor's creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

15.     Young Conaway represented Global Risk Capital Advisors LLC ("**Global Risk**") in connection with its engagement to provide certain asbestos claims management and insurance recovery services to the Debtor. As of August 18, 2015, Young Conaway no longer represents Global Risk.

01:17675128.4

7

16.     For the above reasons, the Debtor submits that Young Conaway's retention and employment is necessary and in the best interests of the Debtor and its estates.

## NOTICE

17.     The Debtor will provide notice of this Application to: (i) the Office of the United States Trustee for the Eastern District of Louisiana; (ii) the Internal Revenue Service; (iii) all known law firms representing asbestos plaintiffs asserting claims against the Debtor; and (iv) any party requesting notice.  In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

New Orleans, Louisiana                          Respectfully submitted,
Dated:  September 22, 2015                       Eagle, Inc.


_____
Raymond Tellini
President

01:17675128.4

8

## EXHIBIT A

**Affidavit of Edwin J. Harron**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Chapter 11 |
| EAGLE, INC.,[1] | Case No. 15-_____ (___) |
| Debtor. | Section _____ |

---

**AFFIDAVIT OF EDWIN J. HARRON IN SUPPORT OF APPLICATION FOR
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG
CONAWAY STARGATT & TAYLOR, LLP AS BANKRUPTCY COUNSEL
*NUNC PRO TUNC* TO THE PETITION DATE**

I, EDWIN J. HARRON, ESQUIRE, being duly sworn, hereby state as follows:

1.     I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("**Young
Conaway**" or the "**Firm**"), Rodney Square, 1000 North King Street, Wilmington, Delaware
19801.  I am duly admitted to practice before the Supreme Court of Delaware and the United
States District Court for the District of Delaware, the United States Court of Appeals for the
Third Circuit, and the Supreme Court of the United States.  I am authorized to make this affidavit
(this "**Affidavit**") on behalf of Young Conaway.  This Affidavit is submitted pursuant to Rule
2014(a) of the Federal Rules of Bankruptcy Procedure and Rule 2014-1 of the Local Rules of the
United States Bankruptcy Court of the Eastern District of Louisiana in support of the *Debtor's
Application for Order Authorizing the Retention and Employment of Young Conaway Stargatt &
Taylor, LLP as Bankruptcy Counsel Nunc Pro Tunc to the Petition Date* (the "**Application**").[2]

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5440.  The Debtor's address is 1100
Poydras Street, 30th Floor, New Orleans, LA 70163.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

01:17675128.4

## DISINTERESTEDNESS OF PROFESSIONALS

2.      Young Conaway has conducted a series of searches in the Firm's conflicts databases to identify relationships with the Debtor, its lenders, significant creditors, its major equity holders, and various other parties-in-interest in this Chapter 11 Case (collectively, the "**Interested Parties**").

3.      Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, neither I, Young Conaway, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, has any connection with the Debtor or any other parties-in-interest herein, except as stated below:

a.      In recent weeks, Young Conaway and certain of its attorneys and paralegals have rendered legal services to the Debtor relating to its plans to seek relief under chapter 11 of the Bankruptcy Code and the preparation of the petition and other papers initiating and prosecuting the Chapter 11 Case.

b.      Young Conaway represented Global Risk Capital Advisors LLC ("**Global Risk**") in connection with its engagement to provide certain asbestos claims management and insurance recovery services to the Debtor.  As of August 18, 2015, Young Conaway no longer represents Global Risk.

c.      Young Conaway currently represents Commercial Union Insurance Company, Certain London Market Insurance Companies, and National Union Fire Insurance Company (collectively, the "**Insurers**") in connection with certain insurance litigation in Delaware state court (the "**Insurance Litigation**").  The Insurers have waived any conflict that could be asserted as a consequence of that representation with respect to certain bankruptcy related matters, such as workout, bankruptcy, and insolvency proceedings. An express waiver and consent exists permitting Young Conaway to handle the Insurance Litigation for the Insurers while otherwise handling bankruptcy-related matters adverse to the Insurers. Out of an abundance of caution, the attorneys and paralegals handling the Insurance Litigation were "walled off" from any information related to the representation that forms the basis for this engagement and, similarly, the team working on this engagement has been walled off from any information involving the Insurance Litigation.

01:17675128.4

2

d.     Young Conaway is counsel to various Travelers entities, namely Travelers Insurance and St. Paul Travelers, on behalf of various employers in workers compensation matters. These representations are not materially adverse to the interests of the Debtor, and Young Conaway does not believe they pose any conflict to representing the Debtor.

e.     Young Conaway represents the legal representatives for future asbestos and other mass tort claimants in the pending bankruptcy cases of the Flintkote Company and the Flintkote Mines Limited, the Pittsburgh Corning Corporation, and Rapid-American Corporation, and in connection with the settlement trusts established through the bankruptcy cases of ACandS, Inc., Global Industrial Technologies, Inc. (A.P. Green), the Babcock & Wilcox Company, Specialty Products Holding Corp. (Bondex), the Celotex Corporation, et al., Mid-Valley, Inc. (DII Asbestos), Durabla Manufacturing Company, Federal-Mogul Global Inc., Kaiser Aluminum Corporation, Leslie Controls, Inc., Metex Mfg. Corporation, North American Refractories Company, Porter-Hayden Company, Quigley Company, Inc., United Gilsonite Laboratories, and Yarway Corporation. Young Conaway's chairman, James L. Patton, Jr., serves as the legal representative of future asbestos claimants in connection with the Celotex Asbestos Settlement Trust, Leslie Controls Asbestos Personal Injury Trust, United Gilsonite Laboratories Asbestos Personal Injury Trust, and Yarway Asbestos Personal Injury Trust. Young Conaway partner Edwin J. Harron serves as the trustee of the State Insulation Corporation Asbestos PI Trust and Young Conaway serves as his counsel in connection with that role. In addition, Young Conaway is counsel to the Delaware Claims Processing Facility, which processes asbestos and silica personal injury claims for nine settlement trusts. Young Conaway does not believe that these representations pose any conflict to representing the Debtor.

4.     To the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I, nor any attorney at Young Conaway is a relative of any United States Bankruptcy Judge in the Eastern District of Louisiana, and Young Conaway does not have a connection with any such Judge that would render its retention in this Chapter 11 Case improper. Further, in accordance with Bankruptcy Rule 2014, Young Conaway does not have any connection with the Office of the United States Trustee (the "**U.S. Trustee**") or any persons employed by the U.S. Trustee.

5.      Based upon its review as of this date, Young Conaway has determined that it does not represent any party in these proceedings with a material adverse interest with respect to the Debtor.  Young Conaway will supplement this declaration, as necessary, with additional information or disclosures in the event that additional information is developed or additional connections are disclosed.

6.      Young Conaway is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that the Firm, its partners, counsel, and associates:

        (a)      are not creditors, equity security holders, or insiders of the Debtor;

        (b)      have not been, within two years before the date of the filing of the petition, directors, officers, or employees of the Debtor; and

        (c)      do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

7.      As set forth above, and subject to any explanations and/or exceptions contained herein, Young Conaway (a) does not hold or represent any interest adverse to the Debtor in connection with the matters upon which Young Conaway is to be engaged, and (b) is disinterested.  If the results of further investigation reveal any additional connections, Young Conaway will make any further disclosures as may be appropriate at that time.

8.      Young Conaway was retained by the Debtor pursuant to an engagement agreement dated September 9, 2015 (the "**Engagement Agreement**").  In accordance with the Engagement Agreement, Young Conaway received a retainer of $50,000 (the "**Retainer**") paid in two installments of $24,000 on September 9, 2015 and $26,000 on September 18, 2015. The Retainer has been applied to outstanding balances existing as of the Petition Date.

9.      Young Conaway intends to apply for compensation for professional services rendered in connection with this Chapter 11 Case subject to approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any administrative order entered by the Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Young Conaway. The Firm operates in a national and regional marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialty, the firm's expertise, performance and reputation, the nature of the work involved, and other factors. The principal attorneys and paralegal designated to represent the Debtor and their current standard hourly rates are:

| | |
|---|---|
| James J. Patton, Jr. (Partner) | $1,050 per hour |
| Robert S. Brady, Jr. (Partner) | $795 per hours |
| Edwin J. Harron (Partner) | $725 per hour |
| Laurel D. Roglen (Associate) | $335 per hour |
| Elizabeth S. Justison (Associate) | $310 per hour |
| Casey Cathcart (Paralegal) | $215 per hour |
| Lisa Eden (Paralegal) | $190 per hour |

10.     Young Conaway has advised the Debtor that the hourly rates set forth above are its standard hourly rates for work of this nature and that these rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in

mass mailings, travel expenses, expenses for "working meals," computerized research,

transcription costs, as well as non-ordinary overhead expenses approved by the client such as

secretarial and other overtime. The Firm will charge the Debtor for these expenses in a manner

and at rates consistent with charges made generally to the Firm's other clients. The Firm

believes that it is fairer to charge these expenses to the clients incurring them than to increase the

hourly rates and spread the expenses among all clients.

11.    No promises have been received by Young Conaway, nor by any partner, counsel,

or associate thereof, as to compensation in connection with this Chapter 11 Case other than in

accordance with the provisions of the Bankruptcy Code. Young Conaway has no agreement

with any other entity to share with such entity any compensation received by Young Conaway in

connection with this Chapter 11 Case.

Respectfully submitted,

/s/ Edwin J. Harron
Edwin J. Harron, Esq. (No. 3396)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600

SWORN TO AND SUBSCRIBED BEFORE ME,
This 22nd day of September, 2015.

ALEXANDER M. OLEKSIJ
Notary Public, State of New York
No. 01OL6289908
Qualified in New York County
NOTARY PUBLIC   Commission Expires September 23, 2017

**<u>EXHIBIT B</u>**

**Rule 2016 Statement**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Chapter 11 |
| EAGLE, INC.,[1] | Case No. 15-_____ (___) |
| Debtor. | Section _____ |

**STATEMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP
UNDER RULE 2016 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AND SECTION 329 OF THE BANKRUPTCY CODE**

1.      Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of the Unites States Bankruptcy Court of the Eastern District of Louisiana (the "**Local Rules**"), and section 329 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), states that the undersigned is proposed bankruptcy counsel for the above-captioned debtor and debtor in possession (the "**Debtor**") in its chapter 11 case (the "**Chapter 11 Case**").

2.      Compensation agreed to be paid by the Debtor to Young Conaway is to be for legal services rendered in connection with the Chapter 11 Case.  The Debtor has agreed to pay Young Conaway at the firm's standard hourly rates for the legal services rendered or to be rendered on the Debtor's behalf in connection with this case by Young Conaway's various attorneys and paralegals.  The Debtor has also agreed to reimburse Young Conaway for its actual and necessary expenses incurred in connection with this Chapter 11 Case.

---

[1]     The last four digits of the Debtor's taxpayer identification number are 5440.  The Debtor's address is 1100 Poydras Street, 30th Floor, New Orleans, LA 70163.

01:17675128.4

3.      Young Conaway was retained by the Debtor pursuant to an engagement agreement dated September 9, 2015 (the "**Engagement Agreement**").  In accordance with the Engagement Agreement, Young Conaway received a retainer of $50,000 (the "**Retainer**") paid in two installments of $24,000 on September 9, 2015 and $26,000 on September 18, 2015. The Retainer has been applied to outstanding balances existing as of the Petition Date.

4.      Within the year prior to the Petition Date, Young Conaway has received no other payments from the Debtor on account of services rendered or to be rendered in contemplation of or in connection with this Chapter 11 Case.

5.      All filing fees in this Chapter 11 Case have been paid in full.

6.      The services to be rendered include all those services set forth in the *Debtor's Application for Order Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Bankruptcy Counsel Nunc Pro Tunc to the Petition Date.*

7.    Young Conaway further states that it has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of Young Conaway, or (b) any compensation another person or party has received or may receive.

Dated:   September 22, 2015
          New Orleans, Louisiana

                            */s/ Edwin J. Harron*
James L. Patton (DE Bar No. 2202)
Robert S. Brady (DE Bar No. 2847)
Edwin J. Harron (DE Bar No. 3396)
Laurel D. Roglen (DE Bar No. 5759)
Elizabeth S. Justison (DE Bar No. 5911)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
eharron@ycst.com
lroglen@ycst.com
ejustison@ycst.com

*Proposed Counsel to the Debtor and*
*Debtor in Possession*

01:17675128.4

3